IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIS DESHAWN REED, | ) | |
| ID # 1618429, | ) | |
|     Petitioner, | ) | |
| vs. | ) | No. 3:10-CV-1909-O-BH |
| | ) | |
| RICK THALER, Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order* 3-251, this case has been automatically referred for findings, conclusions, and recommendation.

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction for aggravated robbery. The respondent is Rick Thaler, Director of TDCJ-CID.

On December 28, 2002, petitioner pled guilty to aggravated robbery and possession of a firearm by a felon in Cause Nos. F02-53133-JN and F02-53197-N and was sentenced to twenty-five years and ten years, respectively. (Clerk's Record ("C.R.")[F02-53133]:22; C.R.[F02-53197]:11). He appealed his convictions, and the Fifth District Court of Appeals reversed because he was not admonished about the deportation consequences of a guilty plea. *Reed v. State*, 05-03-00078-CR, 05-03-00079-CR (Tex. App.–Dallas March 30, 2006). This decision was affirmed on discretionary review. *Reed v. State*, Nos. PD-0590-06, PD-0591-06 (Tex. Crim. App. Oct. 10, 2007).

1

On January 8, 2009, petitioner again pled guilty to aggravated robbery and possession of a firearm by a felon. The trial court orally sentenced him to fourteen years in the aggravated robbery case, but the written judgment reflected a five-year sentence. (Petition ("Pet."). at 2; State Habeas Transcript ("S.H.Tr." )[WR-73,954-03] at 28). Petitioner did not appeal. The trial court issued a *nunc pro tunc* order correcting the written judgment to reflect a fourteen-year sentence in the aggravated robbery case on July 6, 2009. (S.H.Tr.[WR-73,954-02]:30-31).

Petitioner filed his first state habeas application challenging the sentence in his aggravated robbery case on April 7, 2010. (S.H.Tr.[WR-73,954-01]:2-11). It was denied without written order by the Texas Court of Criminal Appeals on May 26, 2010. *Id*. at cover. Petitioner filed a second state writ application on June 22, 2010, that was dismissed by the Court of Criminal Appeals as a subsequent application on July 28, 2010. (S.H.Tr.[WR-73,954-02]:cover, 2). Petitioner then filed a third state writ application on August 10, 2010, that was again dismissed by the Court of Criminal Appeals as a subsequent application on September 15, 2010. (S.H.Tr.[WR-73,954-03]:cover, 2).

In his September 11, 2010 federal petition, Petitioner claims that: 1) the docket sheet was falsified to cover up a judicial error; 2) the trial court's plenary power expired before the *nunc pro tunc* order was issued; 3) he has been subjected to double jeopardy; and 4) equity and fairness mandate that he at least be released on parole. (Pet. at 7-8). He raised his first and third grounds for relief in his first state habeas application, his second ground in his third state application, and his fourth in his second state application.

## II. STATUTE OF LIMITATIONS

### A. <u>Antiterrorism and Effective Death Penalty Act of 1996</u>

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.

L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed his petition after its effective date, the Act applies.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner did not file any direct appeal. His conviction therefore became final at the expiration of the thirty-day time period for filing a direct appeal, which begins under Texas law when the sentence is imposed in open court. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires"); Tex. R. App. P. 26.2(a). A subsequent *nunc pro tunc* judgment does not extend the time for filing a direct appeal in Texas. *Rodarte v. State*, 860 S.W.2d 108, 109 (Tex. Crim. App. 1993) (holding that the time to file a notice of appeal runs from the date sentence is imposed, not the date that the judgment is signed). Accordingly, petitioner's conviction became final thirty days after his sentence was orally pronounced on January 8, 2009, on February 7, 2009. Because that day was a Saturday, petitioner's

L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed his petition after its effective date, the Act applies.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner did not file any direct appeal. His conviction therefore became final at the expiration of the thirty-day time period for filing a direct appeal, which begins under Texas law when the sentence is imposed in open court. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires"); Tex. R. App. P. 26.2(a). A subsequent *nunc pro tunc* judgment does not extend the time for filing a direct appeal in Texas. *Rodarte v. State*, 860 S.W.2d 108, 109 (Tex. Crim. App. 1993) (holding that the time to file a notice of appeal runs from the date sentence is imposed, not the date that the judgment is signed). Accordingly, petitioner's conviction became final thirty days after his sentence was orally pronounced on January 8, 2009, on February 7, 2009. Because that day was a Saturday, petitioner's

conviction became final on February 9, 2009. TEX. R. APP. P. 4.1(a)

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition or any new constitutional right under subparagraph (C). The one-year statute of limitations is therefore calculated from the later of (A) the date petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims. Petitioner claims that he did not become aware of the facts supporting his claims until after the *nunc pro tunc* judgment was entered on July 6, 2009. Because his claims are based on the *nunc pro tunc* judgment itself, the one-year statute of limitations should be calculated from the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims. Because petitioner filed his petition more than one year after the July 6, 2009 judgment, a literal application of § 2244(d)(1) renders his September 11, 2010 filing untimely.[1]

## B. Tolling

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). When petitioner filed his first state habeas application on April 7, 2010, 275 days had elapsed since July 6, 2009, leaving him 90 days to file his federal petition. The limitations period was tolled from April 7, 2010 through May 26, 2010, when the Court of Criminal Appeals denied petitioner's first state habeas application, and it began to run again on May 27, 2010. The

---

[1] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

4

limitations period ran for 26 more days until Petitioner filed his second state habeas application on June 22, 2010, which again tolled the one-year limitations period for the 36-day period it remained pending until it was dismissed as successive on July 28, 2010. *See Villegas v. Johnson*, 184 F.3d 467, 470 (1999). Sixty-four days remained. His September 11, 2011 petition was timely filed within that time, even without consideration of his third state application, filed August 10, 2010, for tolling purposes.

## III. PROCEDURAL BAR

Petitioner has raised four grounds for relief in his federal petition. His second and fourth grounds were raised at the state level in state habeas applications that were dismissed by the Court of Criminal Appeals as subsequent writs under Article 11.07 § 4 of the Texas Code of Criminal Procedure. This article prohibits a claim from being raised in a subsequent habeas application unless: 1) it was not and could not have been raised in the previous application because the factual or legal basis was unavailable at the time; or 2) the claim contains sufficient facts establishing by a preponderance of the evidence that but for a violation of the United States Constitution, no rational juror would have found petitioner guilty beyond a reasonable doubt. *See* TEX. CODE CRIM. PROC. ANN. art 11.07 § 4(a) (Vernon 2007).

In general, federal courts may not review a state court decision that rests on an adequate and independent state procedural default unless the habeas petitioner can establish either "cause" for the default and "prejudice attributable thereto" or demonstrates that the failure to consider the federal claims will result in a "fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989). When the last state court to review a claim clearly and expressly states that its judgment rests on a procedural bar, the procedural default doctrine generally bars federal review. *See id.*;

*Lowe v. Scott*, 48 F.3d 873, 875 (5th Cir. 1995). In his reply brief, petitioner appears to allege that he was ignorant of the law and did not know what he was supposed to file with the Court of Criminal Appeals as cause for failing to raise these two claims in his first state application. (Reply at 3-4). The Supreme Court has held that cause is shown for procedural default only where a petitioner can show that some objective external factor impeded his efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Ignorance of the law is insufficient to establish cause to overcome procedural default. *United States v. Flores*, 981 F.2d 231 (5th Cir. 1993); *Saahir v. Collins*, 956 F.2d 115 (5th Cir. 1992). Accordingly, petitioner's second and fourth grounds are procedurally barred.

## IV. AEDPA STANDARD

Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000). In this case, the denial of petitioner's state writ constitutes an adjudication on the merits. *See Ex parte Thomas*, 953 S.W.2d 286, 288-89 (Tex. Crim. App. 1997) (holding that a denial, rather than a dismissal, signifies an adjudication on the merits). Thus, the AEDPA standards enumerated in 28 U.S.C. § 2254(d) apply.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law, within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise under *Williams*, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## A. **Falsified Court Document**

In his first ground for relief, petitioner asserts that, after he pled guilty to aggravated robbery on January 8, 2009, the trial court judge pronounced a fourteen year sentence, but wrote down five years as the sentence on the docket sheet. After he had discharged the five year sentence and been released from prison, the number "5" on the docket sheet was written over with the number "14" by the trial judge, who then blamed this error on the clerk. Petitioner therefore contends that the original court docket sheet was falsified to "cover up" a judicial error. (Pet. at 7). He includes a copy of the docket sheet which, he asserts, has a different shade of ink used for the number "14." (Pet. Ex. A).

As noted, on July 6, 2009, the trial court entered a *nunc pro tunc* judgment to correct the original judgment to reflect that petitioner received a fourteen year sentence for his aggravated robbery when he was sentenced on January 8, 2009. Under Texas law, a *nunc pro tunc* judgment corrects the written record to reflect the true judgment of the court. *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980). A trial court retains the power to enter a *nunc pro tunc* order to correct a clerical error in the judgment. An entry in a judgment is deemed clerical so long as the error is not the product of judicial reasoning. *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988).

Petitioner provides no support for his assertion that the trial court altered the docket sheet at some later date. A conclusory claim does not entitle petitioner to relief. *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990). He also acknowledges that the trial court orally pronounced a fourteen-year sentence as his sentence for his aggravated robbery conviction. Under state law, the trial court retained jurisdiction to enter a *nunc pro tunc* judgment to correctly reflect the sentence

8

that was given at sentencing, and it did so. The state court's denial of this ground is not contrary to federal law. This ground for relief is without merit and should be denied.

## B. Double Jeopardy

In his third ground for relief, petitioner asserts that he has been subject to double jeopardy with respect to the aggravated robbery charge because, after the *nunc pro tunc* judgment was entered and he was arrested, he was given a new cause number, a new TDCJ number, and a new fourteen-year sentence. (Pet. at 7).[2]

The Double Jeopardy Clause protects against multiple prosecutions and punishments for the same offense. *See Monge v. California*, 524 U.S. 721, 727 (1998). It "serves three interests, protecting against: (1) prosecution of the same offense after acquittal; (2) prosecution of the same offense after conviction; and (3) multiple punishments for the same offense." *United States v. Berry*, 977 F.2d 915, 918 (5th Cir. 1992). Petitioner has not shown that he was prosecuted after he was acquitted, that he was prosecuted for the same conviction, or that he has received multiple punishments for the same offense of aggravated robbery. Instead, the trial court corrected a clerical error in the judgment that resulted in petitioner being re-arrested in January of 2010 after being erroneously released from prison. (Pet. Ex. F). This does not, however, show that he was punished for the same crime twice. The denial of this ground at the state level was not contrary to federal law. This claim is without merit and should be denied.

## V. RECOMMENDATION

The petition should be **DENIED** with prejudice because petitioner's first and third grounds for relief are without merit and his second and fourth grounds for relief are procedurally barred.

---

[2] Petitioner appears to assert that his cause number was changed from F02-53133-JN to F-0253-133-N (Pet. Ex. C, S.H.Tr.[WR-73,954-01]:3, 7).

9

SO RECOMMENDED on this 6th day of April, 2011.

                                      IRMA CARRILLO RAMIREZ
                                      UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                      IRMA CARRILLO RAMIREZ
                                      UNITED STATES MAGISTRATE JUDGE