# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| WILLIS DESHAWN REED, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-1909-O |
| | § | |
| RICK THALER, | § | |
| Director TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (ECF No. 17) and Petitioner's Objections thereto (ECF No. 18) filed in accordance with 28 U.S.C. § 636(b)(1). After reviewing all matters of record in this case *de novo*, the Court finds that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court.

Petitioner Willis Deshawn Reed ("Petitioner") filed a petition for writ of habeas corpus with this Court on September 23, 2010. *See* ECF No. 1. The petition was automatically referred to the United States Magistrate Judge. Petitioner seeks federal habeas relief on four grounds: 1) the docket sheet in the state criminal proceeding was falsified to cover up judicial error; 2) the trial court's plenary power expired before the *nunc pro tunc* order issued; 3) petitioner has been subjected to double jeopardy; and 4) equity and fairness mandate that petitioner be released on parole. *See* Findings, Conclusion, and Recommendation ("FCR") 2, ECF No. 17. The Magistrate Judge recommends denying Petitioner's petition for writ of habeas corpus. *Id.* at 9. Petitioner objects to

1

the Magistrate's Recommendation on two grounds: 1) the trial court's docket sheet clearly shows tampering and does not contain a stamp verifying when it was changed; and 2) the *nunc pro tunc* order was unlawful because the error was judicially created. *See* Pet'r's Obj. 1-2, ECF No. 18.

## I. PROCEDURAL BACKGROUND

On December 28, 2002, Petitioner pled guilty to aggravated robbery and possession of a firearm by a felon, and was sentenced to twenty-five years and ten years, respectively. *See* FCR 1, ECF No. 17. The Fifth District Court of Appeals reversed the conviction on direct appeal because the trial court failed to admonish Petitioner regarding the deportation consequences of a guilty plea. *Id.* On January 8, 2009, Petitioner again pled guilty to aggravated robbery and possession of a firearm by a felon. *Id.* at 2. It is undisputed that the trial court orally sentenced Petitioner to fourteen years in prison on the aggravated robbery charge, though the written judgment stated the sentence was only for five years. *Id.* Petitioner did not appeal the sentence. *Id.* The trial court issued a *nunc pro tunc* order correcting the written judgment on July 6, 2009. *Id.* Petitioner then filed three state habeas petitions, before filing the instant petition on September 23, 2010. *Id.*; *see also* ECF No. 1.

## II. LEGAL STANDARDS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the availability of federal habeas relief. *See* 28 U.S.C. § 2254(d). The AEDPA denies habeas relief for any claim adjudicated on the merits in State court unless the state court adjudication: "(1) resulted in a decision that was contrary to or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding." *See id.*

Under the "contrary to" clause, a federal court may grant habeas relief if the state court arrives at a conclusion opposite that reached by the United State Supreme Court on a question of law, or if that state court decides a case differently from the United States Supreme Court on materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application of" clause, the AEDPA allows federal habeas relief if the state court properly identifies the governing legal standard as set out by the United State Supreme Court, but unreasonably applies that standard to the facts. *See Harrington v. Richter*, No. 09-587, 2011 WL 148587, at *10-11 (U.S. Jan. 19, 2011).

## III.   ANALYSIS

The Magistrate Judge recommends denying Petitioner's petition for writ of habeas corpus, finding that his second and fourth grounds for relief are procedurally barred, while the first and third ground of relief are without merit. *See* FCR 5-9, ECF No. 17.

   1.   First Objection

Petitioner first objects that the state trial court docket sheet on its face shows judicial tampering and re-states his contention that the trial court's *nunc pro tunc* order was entered out of time. Petitioner's claim that the state trial court entered an out of time order was not presented in his initial state writ, but was raised in a subsequent writ which the Texas Court of Criminal Appeals dismissed pursuant to Article 11.07 § 4 of the Texas Code of Criminal Procedure. The United Supreme Court "has held that it will not consider an issue of federal law on direct review from a judgment of a state court if that judgment rests on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989) (citing *Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935)). "[T]he doctrine 'has been applied routinely to state decisions forfeiting federal claims for violation of state

3

procedural rules." *Id.* at 260-61 (quoting Meltzer, *State Court Forfeitures of Federal Rights*, 99 HARV. L. REV. 1128, 1134 (1986)). "[T]he adequate and independent state ground doctrine applies on federal habeas." *Id.* (citing *Wainwright v. Sykes*, 433 U.S. 72, 81 (1977)).

"Under *Sykes* and its progeny, an adequate and independent finding of procedural default will bar federal habeas review of the federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto,' or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.'" *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 485, 495 (1986)) (internal citations omitted). Moreover, the doctrine only applies to bar federal review "if the last state court rendering a judgment in the case rests its judgment on the procedural default." *Id.*

The Texas Court of Criminal Appeals dismissed Petitioner's state writ arguing that the trial court entered an out of time *nunc pro tunc* order because of Petitioner's failure to make that argument in his initial state court writ. *See* FCR 5, ECF No. 17. The court specifically relied on Texas procedural default rules in dismissing Petitioner's subsequent writ and Petitioner has failed to show any "cause" for his procedural deficiency. Accordingly, this Court will not review Petitioner's claim regarding the timeliness of the *nunc pro tunc* order because this issue was disposed of on adequate and independent state law grounds.

Petitioner's further contends that the docket sheet attached to his objections illustrates that the trial court tampered with the docket sheet and falsified the document. *See* Pet'r's Obj. 1, ECF No. 18. The document attached to Petitioner's objections shows various entries on a docket sheet. Petitioner fails to explain how such documents have been tampered with aside from conclusory allegations. Moreover, the trial court explicitly issued a *nunc pro tunc* order to correct Petitioner's sentence. It is undisputed that petitioner was orally sentenced to fourteen years in prison. The trial

court properly entered an order correcting a clerical error.

Accordingly, Petitioner's first objection is without merit.

2. Second Objection

Petitioner next objects that the state trial court's *nunc pro tunc* order was unlawful because the clerical error was judicially created. *See* Pet'r's Obj. 2, ECF No. 18. "The purpose of a nunc pro tunc order is to correctly reflect from the records of the court a judgment actually made by it, but which for some reason was not entered of record at the proper time." *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988) (citing *Ex parte Dopps*, 723 S.W.2d 669 (Tex. Crim. App. 1986)). "A judgment nunc pro tunc is the appropriate avenue to make a correction when the court's records do not mirror the judgment that was actually rendered." *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007). "This means that a trial court can fix a clerical error in the record, but only errors that were not the result of judicial reasoning are considered clerical errors that can be fixed by a nunc pro tunc order." *Id.* "A clerical error is one which does not result from judicial reasoning or determination." *Ex parte Poe*, 751 S.W.2d at 876 (citing *Alvarez v. State*, 605 S.W.2d 615 (Tex. Crim. App. 1980)). "'Thus, before a judgment nunc pro tunc may be entered, there must be proof that the proposed judgment was actually rendered or pronounced at an earlier time.'" *Collins*, 240 S.W.3d at 928 (quoting *Wilson v. State*, 677 S.W.2d 518, 521 (Tex. Crim. App. 1984)).

Petitioner claims that the judgment nunc pro tunc issued by the trial court was unlawful because the error was judicially created during the rendering of the sentence. *See* Pet'r's Obj. 2, ECF No. 18. It is undisputed that the trial court pronounced a fourteen-year sentence at sentencing. There is no evidence that such pronouncement was error. Rather, the evidence shows that the trial court pronounced a fourteen-year sentence, but that the sentence was incorrectly entered on the docket sheet. Subsequent thereto, the trial court issued a nunc pro tunc judgment to correct the error.

The error was not the product of judicial reasoning, but merely the result of making an incorrect notation on the docket sheet. Accordingly, it was well within the trial court's province under Texas law to fix the clerical error in the record and ensure that Petitioner served his fully allotted prison sentence.

## IV.     CONCLUSION

For foregoing reasons, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the Magistrate Judge. Accordingly, Petitioner Reed's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be and is hereby **DENIED**.

## V.     CERTIFICATE OF APPEALABILITY

In accordance with Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c) and after considering the record in this case and the recommendation of the Magistrate Judge, the Court **DENIES** petitioner a Certificate of Appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[1]

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:
> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
> **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order

In the event that petitioner files a notice of appeal, he is informed that he must pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis* that is accompanied by a properly signed certificate of inmate trust account.

**SO ORDERED** on this **3rd** day of **May, 2011.**

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**

---

entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.